[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff was adjudicated the father of twin boys in an earlier action brought against him by the defendants. After judgment entered in that matter, he acquired information leading him to believe that the named defendant had been sexually involved with another person at the time of conception, and obtained a DNA evaluation of one of the children. Later, both children were tested pursuant to an order of the Superior Court for Juvenile Matters. The DNA results indicate that he was not the biological father of the children. He has brought this action for a new trial pursuant to § 52-270 of the General Statutes, alleging that he has new evidence, that the prior judgment is an injustice, and that the prior adjudication was the result of fraudulent misrepresentations made to him. The defendant State of Connecticut has moved for summary judgment.
In ruling on a motion for summary judgment, the court must regard the allegations of the complaint as true. Yanow v. Teal Industries, Inc.,178 Conn. 262, 265 (1979). The court must view the evidence in the light most favorable to the party opposing summary judgment. Strada v.Connecticut Newspaper, Inc., 193 Conn. 313, 317 (19__). The only question the court may determine is whether there is an issue of material fact in dispute. If there is such an issue, the court may not try that issue. Rather, summary judgment must be denied. United Oil Co., Inc. v. UrbanDevelopment Commission, 158 Conn. 364, 377 (1969); Batick v. Seymour,186 Conn. 632, 647 (1982).
The court has the authority to grant new trials for several causes CT Page 5741-ha including the discovery of new evidence, the lack of a reasonable opportunity to defend, or for other reasonable cause. Connecticut General Statutes, § 52-270. The test for determining whether to grant a new trial for newly discovered evidence is whether an injustice was done and whether it is probable that a different result would be reached.Summerville v. Warden, 229 Conn. 397, 426 (1994). Here, there is an issue of material fact in dispute as to whether an injustice was done and whether a different result would be reached. The statute also provides that a new trial can be granted "every cause for which a court of equity could grant a new trial, such as, for example, fraud, accident and mistake." Milestan v. Tisi, 140 Conn. 464, 469 (1953); Davis v.Fracasso, 59 Conn. App. 291, 298 (2000). There is also a issue of material fact in dispute as to whether there was any fraud, accident, or mistake.
Accordingly, the motion for summary judgment is denied.
The parties will contact caseflow within two weeks to arrange for an on the record status conference to determine trial dates and procedures.
BY THE COURT,
Gruendel, J.